**DAVID P. COOPER, OSB No. 880367**
Email: cooper@khpatent.com
**OWEN W. DUKELOW, OSB No. 965318**
Email: owen@khpatent.com
**CARLA TODENHAGEN, OSB No. 065283**
Email: carla@khaptent.com
**KOLISCH HARTWELL, P.C.**
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 224-6655

        Attorneys for Plaintiff

FILED12 JAN '12 14:42USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **VIDEX, INC.,**<br>an Oregon corporation<br><br>        Plaintiff,<br><br>    v.<br><br>**MICRO ENHANCED TECHNOLOGY**<br>**INC., an Illinois corporation and**<br>**TRITEQ LOCK AND SECURITY, L.L.C.**<br>an Illinois limited liability corporation.<br><br>        Defendants. | Case No. '12 - 65 -    AA<br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Page 1 -      Complaint for Declaratory Judgment;
             KH File - VDX602

*44928*

Plaintiff Videx, Inc. (hereinafter referred to as "Videx") alleges, based upon actual knowledge with respect to Plaintiff and Plaintiff's acts, and based upon information and belief with respect to all other matters, against Defendants Micro Enhanced Technology Inc. (hereinafter referred to as "MET") and TriTeq Lock and Security, L.L.C. (hereinafter referred to as "TriTeq") as follows:

## NATURE OF THE CASE

1.      This is a civil action seeking a declaratory judgment that Plaintiff Videx's access-control products ("the Accused Products"), do not infringe various intellectual property rights of Defendants MET and TriTeq. Specifically, Videx seeks a declaratory judgment (a) that the accused Products do not infringe U.S. Patent No. 6,900,720 (the "'720 patent"), (b) that the '720 patent is invalid and/or unenforceable, (c) that the accused Products do not infringe U.S. Patent No. 7,373,352 (the "'352 patent"), (d) that the '352 patent is invalid and/or unenforceable, (e) that the accused Products do not infringe U.S. Patent No. 7,821,395 (the "'395 patent"), and (f) that the '395 patent is invalid and/or unenforceable,

## THE PARTIES

2.      Plaintiff Videx is, and at all times relevant to this action was, an Oregon corporation with a principal place of business and mailing address at 1105 N.E. Circle Blvd., Corvallis, Oregon 97330.

3.      Defendant MET is, and at all times relevant to this action was, an Illinois corporation with a principal place of business and mailing address at 701 Gullo Ave., Suite B, Elk Grove, IL 60007.

4.     Defendant TriTeq is, and at all times relevant to this action was, an Illinois limited liability company with a principal place of business and mailing address at 701 Gullo Ave., Elk Grove, IL 60007.

## JURISDICTION AND VENUE

5.     This is a declaratory judgment action brought under 28 U.S.C. § 2201.

6.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case involves federal questions arising under the patent and trademark laws of the United States. 35 U.SC. § 1 *et seq.*; 15 U.S.C. § 1051 *et seq.*

7.     This Court has personal jurisdiction over MET and TriTeq.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(c) because MET and TriTeq are subject to personal jurisdiction in Oregon, and thus are deemed to reside in Oregon for purposes of venue.

## BACKGROUND FACTS

9.     Since August 12, 2011, defendant MET has been litigating against Videx for patent-infringement in Illinois.

10.     The '720 patent issued on May 31, 2005. MET is apparently the owner of all rights in the '720 patent. The '720 patent claims an electronic key, which is shown and described in the '720 patent. A copy of the '720 patent is attached hereto as Exhibit A.

11.     The '352 patent issued on May 13, 2008. TriTeq is apparently the owner of all rights in the '352 patent. The '352 patent claims a key management system, which is shown and described in the '352 patent. A copy of the '352 patent is attached hereto as Exhibit B.

12.     The '395 patent issued on October 26, 2010. MET is apparently the owner of all rights in the '395 patent. The '395 patent claims an access control system, which is shown and described in the '395 patent. A copy of the '395 patent is attached hereto as Exhibit C.

13.     On August 12, 2011, MET filed a patent infringement lawsuit in the Northern District of Illinois alleging infringement, by Videx of the following U.S. Patent Nos: (1) 5,617,082; (2) 6,359,547; (3) 7,456,725; (4) 7,482,907; (5) 7,683,758; and (6) 7,741,952. A copy of MET's complaint is attached hereto as Exhibit D. Copies of the '082, '547, '725, '907, '758, and '952 patents are attached as Exhibits E - J, respectively.

## COUNT I – DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF THE '720 PATENT

### (22 U.S.C. § 2201)

14.     Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

15.     The Accused Products do not infringe the '720 patent.

## COUNT II – DECLARATORY JUDGMENT OF

## INVALIDITY AND/OR UNENFORCEABILITY OF THE '720 PATENT

### (22 U.S.C. § 2201)

16.     Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

17.     The '720 patent is invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, 112, and/or other provisions of U.S. patent laws, 35 U.S.C. § 1 *et seq.*

## COUNT III – DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF THE '352 PATENT

### (22 U.S.C. § 2201)

18.     Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

19.     The Accused Products do not infringe the '352 patent.

## COUNT IV – DECLARATORY JUDGMENT OF

## INVALIDITY AND/OR UNENFORCEABILITY OF THE '352 PATENT

### (22 U.S.C. § 2201)

20.     Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

21.     The '352 patent is invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, 112, and/or other provisions of U.S. patent laws, 35 U.S.C. § 1 *et seq.*

## COUNT V – DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT OF THE '395 PATENT

### (22 U.S.C. § 2201)

22.     Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

23.     The Accused Products do not infringe the '395 patent.

## COUNT VI – DECLARATORY JUDGMENT OF

## INVALIDITY AND/OR UNENFORCEABILITY OF THE '395 PATENT

### (22 U.S.C. § 2201)

24.    Plaintiff hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

25.    The '395 patent is invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, 112, and/or other provisions of U.S. patent laws, 35 U.S.C. § 1 *et seq.*

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Videx prays for judgment and declaratory relief as follows:

A.  Declaring that the Accused Products do not infringe the '720 patent;

B.  Declaring that the '720 patent is invalid and/or unenforceable;

C.  Declaring that the Accused Products do not infringe the '352 patent;

D.  Declaring that the '352 patent is invalid and/or unenforceable;

E.  Declaring that the Accused Products do not infringe the '395 patent;

F.  Declaring that the '395 patent is invalid and/or enforceable;

G.  Awarding Plaintiff its costs and attorney's fees incurred in conjunction with this lawsuit; and

H.  Awarding Plaintiff any other relief that this Court deems just and proper.

Page 6 -     Complaint for Declaratory Judgment;
             KH File - VDX602

## JURY DEMAND

Plaintiff Videx hereby demands a trial by jury of all issues so triable.

DATED this 12th day of January, 2012.

Respectfully submitted,

David P. Cooper, OSB No. 88036
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 244-6655
Attorneys for Plaintiffs

Page 7 -     Complaint for Declaratory Judgment;
             KH File - VDX602