IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VIDEX, INC.,                                    Civ. No. 6:12-cv-0065-AA

       Plaintiff,                           OPINION AND ORDER

    v.

MICRO ENHANCED TECHNOLOGY, INC.,
an Illinois Corporation and
TRITEQ LOCK AND SECURITY, L.L.C.,
an Illinois limited liability
corporation,

       Defendants.

_____

David P. Cooper
Owen W. Dukelow
Carla Todenhagen
KOLISCH HARTWELL, P.C.
520 S.W. Yamhill Street, Suite 200
Portland, Oregon 97204
    Attorneys for plaintiff

Richard J. Vangelisti
Scott F. Kocher
VANGELISTI KOCHER LLP
811 SW Naito Parkway, Suite 420
Portland, Oregon 97204

Page 1 - OPINION AND ORDER

Edward L. Bishop
Nicholas S. Lee
BISHOP & DIEHL, LTD.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
    Attorneys for defendants

AIKEN, Chief Judge:

On January 12, 2012, plaintiff filed the instant action
seeking a declaratory judgment that it did not infringe several
patents related to access control products, U.S. Patent Nos.
6,900,720, 7,373,352, and 7,821,395, and that each of the
abovementioned patents is invalid and/or unenforceable.

Defendants Micro Enhanced Technology, Inc. (MET) and Triteq
Lock and Security, L.L.C. (Triteq) move to dismiss the action.
Defendants first argue that this Court lacks subject matter
jurisdiction over the claims in the Complaint, because plaintiff
neither demonstrates a real and immediate injury or threat of
future injury nor identifies a substantial or actual controversy of
sufficient immediacy to warrant consideration of its claim for
declaratory judgment. See Fed. R. Civ. P. 12(b)(1), 12(h)(3).
Defendants also contend that this Court lacks personal jurisdiction
over defendants. Fed. R. Civ. P. 12(b)(2). For the reasons stated
below, the motion to dismiss for lack of personal jurisdiction is
GRANTED. I therefore do not address subject matter jurisdiction.

## DISCUSSION

Defendants seek dismissal of plaintiff's claims for lack of
personal jurisdiction. "'Determining whether personal jurisdiction

Page 2 - OPINION AND ORDER

exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process.'" Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552 F.3d 1324, 1329 (Fed. Cir. 2008) (quoting Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001)). Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process. Or. R. Civ. P. 4L. Thus, the analysis collapses into a single framework and the court proceeds under federal due process standards. Id.; Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1350 (Fed. Cir. 2002).

Due process requires that a defendant, if not present in the state, "'have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Avocent, 552 F.3d at 1329 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Minimum contacts may be demonstrated through facts supporting general or specific jurisdiction over the defendant. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.8 (1984). A plaintiff need only make a "prima facie showing" that a defendant is subject to personal jurisdiction. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

Plaintiff makes no argument in favor of specific jurisdiction and instead relies on general jurisdiction. For general

Page 3 - OPINION AND ORDER

jurisdiction to exist, the defendant must engage in "continuous and systematic general business contacts" that approximate a "physical presence" in the forum state. See Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1017-18 (Fed. Cir. 2009). This is an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer a cause of action with no relationship to the forum. Id. at 1017. Neither the United States Supreme Court nor the Federal Circuit have outlined a specific test to follow when analyzing whether a defendant's activities within a state are "continuous and systematic." Instead, a court must look at the facts of each case to make such a determination.

It is undisputed that defendants are not incorporated in Oregon, do not have a principal place of business in Oregon, do not have offices, manufacturing facilities, or retail stores in Oregon, do not own property or have any bank accounts in Oregon, and are not licensed to do business in Oregon. Roatis Decl. at 2-3; Denison Decl. at 2-3. Despite the seeming lack of "continuous and systematic" contacts, plaintiff claims that defendant Triteq's interactive website, in conjunction with both MET and Triteq's alleged partnerships with national companies that have presence in Oregon, is sufficient to establish jurisdiction over defendants.

I find that these facts fall well short of the systematic, continuous, and substantial contacts that constitute sufficient

Page 4 - OPINION AND ORDER

"presence" to warrant general jurisdiction. Triteq's website does not establish general jurisdiction because it is not specifically directed at customers in Oregon. See Campbell Pet Co. v. Miale, 542 F.3d 879, 882-84 (Fed. Cir. 2008) (attendance at forum convention, a cease-and-desist letter sent to forum, twelve forum sales totaling \$14,000 in revenue, and a generally accessible website were insufficient to establish general jurisdiction). Instead, the website "is available to all customers throughout the country who have access to the Internet. . . . '[T]he ability of [forum] residents to access the defendants' website . . . does not by itself show any persistent course of conduct by the defendants in the [forum].'" Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) (quoting GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000)).

Similarly, defendants' supplier-buyer relationship with several national companies who conduct business in Oregon is far too remote to establish the kind of continuous and systematic contacts required to establish general jurisdiction. Therefore, this Court lacks personal jurisdiction over defendants, and I grant defendants' Motion to Dismiss.[1]

---

[1]Plaintiff asserts an alter ego relationship theory between MET and Triteq, apparently to establish personal jurisdiction over MET based on Triteq's website. However, because Triteq's website does not give rise to general jurisdiction, I do not address this theory.

In seeming anticipation of this ruling, plaintiff asserts that it is entitled to conduct jurisdictional discovery. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation marks and citation omitted). Here, plaintiff fails to identify any threshold facts, transactions, or conduct that suggests continual and systematic business contacts that give rise to general jurisdiction. In light of its purely speculative allegations of attenuated jurisdictional contacts, I deny plaintiff's request for jurisdictional discovery.

## CONCLUSION

Plaintiff has not shown the existence of purposeful minimum contacts sufficient to subject defendant to personal jurisdiction in this forum. Accordingly, defendants' Motion to Dismiss for Lack of Jurisdiction (doc. 13) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

Dated this _____ day of April, 2012.

_____
Ann Aiken
United States District Judge

Page 6 - OPINION AND ORDER